**W. S. CASEY, Appellant,**

v.

**EMPLOYERS NATIONAL INSURANCE CO., Appellee.**

No. 18821.

Court of Civil Appeals of Texas, Dallas.

May 20, 1976.

Rehearing Denied June 17, 1976.

Giles E. Miller, Carlton, Street, Johnson & Miller, Dallas, for appellant.

C. Vernon Hartline, Jr., Gardere, Porter & DeHay, Dallas, for appellee.

AKIN, Justice.

This is a suit on an insurance contract to recover reimbursement for a casualty loss. W. S. Casey, d/b/a Ace Plumbing Company, sued Employers National Insurance Company, its construction liability carrier, for reimbursement of $7,412.41 paid by plaintiff to a general contractor as a result of a broken water pipe that occurred during construction of a building leased by Cress Container Corporation. The defendant contended that it was not liable because of a "completed operations hazards" exclusion in the policy. On the other hand, plaintiff contended that the loss was within the coverage because the building contract was only 75% completed and, therefore, the completed operations exclusion was inapplicable. The trial court rendered judgment for the defendant and plaintiff appeals. We affirm.

The policy insured plaintiff against casualty losses occurring during construction. By a specific endorsement, "Completed Operations Hazards" were excluded. This endorsement stated: "[I]t is agreed that such insurance as is afforded by the Bodily Injury Liability Coverage and the Property Damage Liability does not apply to bodily injury or *property damage* included within the *Completed Operations Hazards* or the Products Hazards." [Emphasis added.] The policy defines Completed Operations Hazards as including

. . . bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. . . . Operations shall be deemed completed at the earliest of the following times:

.    .    .    .    .

(3) when the *portion* of the work out of which injury or damage arises has been put to its *intended use* by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project. [Emphasis added.]

Plaintiff raises two points of error relating to the trial court's interpretation of this exclusionary clause. In the first, he claims that "the court erred in ruling that the defendant correctly interpreted the exclusionary clause to provide that any use at all puts the installation to its ultimate and completed use." In his second point he contends that "the court erred in ruling that plaintiff incorrectly interpreted the clause not to exclude coverage until the work had been completed." He does not

contend, however, that the language of the policy is uncertain or ambiguous. Consequently, in the absence of ambiguity or uncertainty, the language of the policy will be given its plain meaning. *E. g., Republic National Life Insurance Co. v. Spillars,* 368 S.W.2d 92, 94 (Tex.1963). Thus, the sole question is whether the language of the policy covers the loss under the facts herein. We must, therefore, review the facts to ascertain whether the damage falls within the ambit of the exclusion.

In May 1974, Cress Container Corporation began occupation of the area in which the water pipe was located although the entire building project was only 75% complete. They accepted that area in June 1974. In September 1974, the water pipe broke, resulting in plaintiff's damage. Since the policy specifically excluded "Completed Operations Hazards" and, since the damaged portion of the building had been put to its intended use by the owner, the damage here is not included within the policy coverage. *Cf. Pan American Insurance Co. v. Cooper Butane Co.,* 157 Tex. 102, 300 S.W.2d 651, 652 (1957).

Plaintiff argues, however, that, even though the damage occurred in a completed part of the building, the exclusionary clause was inapplicable because the entire building was not complete. We cannot agree. This construction of the language of the policy is contrary to the explicit definition of "Completed Operations Hazards." Under the language in this definition, when that portion of the work was complete, and when the lessee occupied and used the plumbing, the liability coverage under the policy ceased. If plaintiff desired this excluded coverage, it could have obtained it by payment of an additional premium. This it chose not to do.

Affirmed.